IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, successor by merger to Wachovia Bank, National Association, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:13cv295-MHT (WO) |
| THOMAS C. ESKRIDGE, | ) ) | |
| Defendant. | ) | |

OPINION

Plaintiff Wells Fargo Bank, National Association (successor by merger to Wachovia Bank, National Association), filed this lawsuit against defendant Thomas C. Eskridge and others, asserting breach of contract and unjust enrichment. Jurisdiction is proper under 28 U.S.C. § 1332 (diversity of citizenship). Currently before the court is Wells Fargo's motion for summary judgment. The motion will be granted.

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The undisputed evidence before the court is as follows. Wachovia loaned monies to Eskridge, along with Winston W. Edwards and ELR, LLC, and Eskridge, along with the other borrowers, executed a promissory note in favor of Wachovia. Eskridge defaulted on his loan obligations to Wachovia.

Wells Fargo, as successor to Wachovia, filed this lawsuit. Edwards was not named as a defendant, and Wells

Fargo has already obtained a default judgment against ELR. Eskridge filed an answer in this matter, admitted all elements of his liability, and pled no affirmative defenses.

Wells Fargo has filed a motion for summary judgment. Eskridge has notified the court that he does not oppose the summary-judgment motion. Moreover, the evidence is undisputed that, as a result of his default, Eskridge owes Wells Fargo $ 399,829.07 as of December 9, 2013. This sum reflects the outstanding principal, accrued interest, late fees, search fees, and attorneys fees and costs provided for in the contract. In addition, Eskridge owes prejudgment and postjudgment interest on that amount, plus costs for this lawsuit.

***

An appropriate judgment will be entered granting Wells Fargo's summary-judgment motion to the extent that it may recover from Eskridge the sum of $ 399,829.07, plus

3

prejudgment and postjudgment interest as well as court cost.

DONE, this the 25th day of February, 2014.

                              /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE